IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>LGS GROUP, LLC<br><br>   Plaintiff,<br><br>vs.<br><br>ODYSSEY INTERNATIONAL, INC., et al.<br><br>   Defendant(s). | Case No. 08-017 |

**ANSWER TO DEFENDANT ODYSSEY INTERNATION, INC.'S COUNTERCLAIM**

  Now comes the United States of America, for the use and benefit of the Plaintiff LGS Group, LLC (hereinafter "LGS"), by and through counsel Shawn C. Whittaker and William W. Erhart, and submits this Answer to Defendant Odyssey International, Inc.'s (hereinafter "Odyssey") Counterclaim, and in support thereof states the following:

  1. LGS admits the allegations contained paragraph 1 of the Counterclaim.

  2. LGS admits the allegations contained paragraph 2 of the Counterclaim.

**FACTS RELEVANT TO ALL COUNTS OF THE COUNTERCLAIM**

  3. LGS admits the allegations contained paragraph 3 of the Counterclaim.

4. LGS states that the document speaks for itself and therefore paragraph 4 of the Counterclaim does not require a response.

5. LGS denies the allegations contained paragraph 5 of the Counterclaim.

6. LGS states that the document speaks for itself and therefore paragraph 6 of the Counterclaim does not require a response.

7. LGS denies the allegations contained paragraph 7 of the Counterclaim.

8. LGS denies the allegations contained paragraph 8 of the Counterclaim.

9. LGS states that the document speaks for itself and therefore paragraph 9 of the Counterclaim does not require a response.

10. LGS denies the allegations contained paragraph 10 of the Counterclaim.

11. LGS states that the document speaks for itself and therefore paragraph 11 of the Counterclaim does not require a response.

12. LGS denies the allegations contained paragraph 12 of the Counterclaim.

13. LGS denies the allegations contained paragraph 13 of the Counterclaim.

14. LGS denies the allegations contained paragraph 14 of the Counterclaim.

15. LGS denies the allegations contained paragraph 15 of the Counterclaim.

16. LGS denies the allegations contained paragraph 16 of the Counterclaim.

17. LGS states that the document speaks for itself and therefore paragraph 17 of the Counterclaim does not require a response.

18. LGS denies the allegations contained paragraph 18 of the Counterclaim.

19. LGS denies the allegations contained paragraph 19 of the Counterclaim.

20. LGS states that the document speaks for itself and therefore paragraph 20 of the Counterclaim does not require a response.

21. LGS denies the allegations contained paragraph 21 of the Counterclaim.

22. LGS denies the allegations contained paragraph 22 of the Counterclaim.

23. LGS denies the allegations contained paragraph 23 of the Counterclaim.

24. LGS denies the allegations contained paragraph 24 of the Counterclaim.

25. LGS denies the allegations contained paragraph 25 of the Counterclaim.

26. LGS denies the allegations contained paragraph 26 of the Counterclaim.

27. LGS denies the allegations contained paragraph 27 of the Counterclaim.

28. LGS states that the document speaks for itself and therefore paragraph 28 of the Counterclaim does not require a response.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**

29. Paragraph 29 of the Counterclaim does not require a response.

30. LGS admits the allegations contained paragraph 30 of the Counterclaim.

31. LGS states that the document speaks for itself and therefore paragraph 31 of the Counterclaim does not require a response.

32. LGS states that the document speaks for itself and therefore paragraph 32 of the Counterclaim does not require a response.

33. LGS denies the allegations contained paragraph 33 of the Counterclaim.

34. LGS denies the allegations contained paragraph 34 of the Counterclaim.

35. LGS denies the allegations contained paragraph 35 of the Counterclaim.

37. LGS states that the document speaks for itself and therefore paragraph 37 of the Counterclaim does not require a response.

38. LGS denies the allegations contained paragraph 38 of the Counterclaim.

39. LGS denies the allegations contained paragraph 39 of the Counterclaim.

40. LGS states that the document speaks for itself and therefore paragraph 40 of the Counterclaim does not require a response.

41. LGS denies the allegations contained paragraph 41 of the Counterclaim.

42. The allegation contained in paragraph 42 is merely a conclusion of law to which no responsive pleading by LGS.

43. LGS denies the allegations contained paragraph 43 of the Counterclaim.

## ADDITIONAL DEFENSES

LGS hereby give notice that they may rely on the following defenses in opposing the Odyssey's Counterclaim.  LGS does not hereby assume any burden of proof that would otherwise rest on Odyssey.  LGS, by listing such defenses, also does not concede, explicitly or implicitly, that any or all of the listed defenses are affirmative defenses under the State of Delaware or other applicable law.  LGS, by listing its defenses (here or elsewhere in the Answer), also does not limit its ability to present any defense that LGS does not need to identify by the Answer or otherwise.

1. Odyssey is barred from recovery, in whole or in part, by the defense of assumption of risk.

2. Odyssey is barred from recovery, in whole or in part, by Odyssey's own fraud.

3. Odyssey's Counterclaim fails to state a cause of action on which relief can be granted.

4. Odyssey's Counterclaim is barred, in whole or in part, by release, waiver, and/or estoppel.

5. Odyssey is barred from recovery, in whole or in part, to the extent that Odyssey has not performed its obligations under the subcontract.

6. Odyssey's Counterclaim is barred, in whole or in part, by the defense of prior breach.

7. Odyssey is barred because of the doctrine of unclean hands.

8. Odyssey is barred from recovery because Odyssey failed to mitigate damages.

9. LGS reserves the right to assert any other defenses that may be available to it and/or which are subsequently discovered.

WHEREFORE, having fully answered the Counterclaim, LGS demands that the same be dismissed, with prejudice, or denied and LGS be awarded its costs of suit incurred herein (including, but not limited to, attorneys' fees), together with such other relief as may be just and proper.

Respectfully submitted,

*/S/ William W. Erhart*
William W. Erhart (ID # 2116)
800 King Street
Suite 302
Wilmington, DE 19801
(302) 651-0113

*/S/ Shawn C. Whittaker*
Shawn C. Whittaker
*pro hac vice*
1010 Rockville Pike, Suite 607
Rockville, MD 20852
(301)838-4502

Attorneys for LGS Group, LLC