IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>LGS GROUP, LLC<br><br>       Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ODYSSEY INTERNATIONAL, INC., et al.<br><br>       Defendant/Counter-<br>       Plaintiff(s). | Case No. 08-017 SLR-LPS |

**FIRST SET OF INTERROGATORIES TO DEFENDANTS ODYSSEY
INTERNATIONAL, INC. and SAFCO INSURANCE COMPANY OF AMERICA**

Plaintiff LGS Group, LLC (hereinafter "LGS")pursuant to Fed. R. Civ. P. 33, and requests you to answer fully and under oath the Interrogatories set forth herein in accordance with the instructions prescribed below.

Instructions for Answering Interrogatories

(a)   These Interrogatories are continuing and the answers are to be modified or supplemented from time to time if information requested in these Interrogatories is obtained at a later date by you, your representatives, agents, servants or counsel.

(b)   These Interrogatories seek all information that is known to you, your representatives, family members, officers, agents, servants, administrators, accountants, or investigators, and unless otherwise privileged, your counsel.

(c) The words "you" or "your" refer to the party to whom these Interrogatories are addressed.

(d) "Plaintiff," "LGS," or "LGS Group" means Plaintiff LGS Group, LLC and any other name used by the Plaintiff or by which Plaintiff is or was referred to, its officers, employees, family members, agents, servants, administrators, accountants, or investigators, or other Persons acting on Plaintiff's behalf, including attorneys.

(e) "Defendant" or "Odyssey" means Defendant Odyssey International, Inc. and any other name used by the Defendant or by which Defendant is or was referred to, its officers, employees, members, directors, stockholders, agents, servants, administrators, accountants, or investigators, or other Persons acting on Defendant's behalf, including attorneys.

(f) "Safeco" means Defendant Safeco Insurance Company of America and any other name used by the Defendant or by which Defendant is or was referred to, its officers, employees, members, directors, stockholders, agents, servants, administrators, accountants, or investigators, or other Persons acting on Defendant's behalf, including attorneys.

(g) "Project" means the C-17 Flight Simulator located at Dover Air Force Base, Dover Delaware, which is the subject of the Complaint and Counterclaim.

(h) Each and every request to identify any record, document or other writing shall include the following:

(1) The date same was dated or otherwise prepared;

(2) The name, address and title of the person preparing same;

(3) The name, address and title of the person for or to whom the same was prepared or addressed;

(4) The name, address and title of all persons to whom copies of the same were furnished or otherwise forwarded and the title or other identifying designation given the same;

(5) The subject matter and content of the same; and

(6) The name, address, location and title of the person or persons having possession, custody or control of the same at the present time.

(j) Any requests to identify a person shall include identification fully as to:

(1) Name;

(2) Business address and telephone number;

(3) Home address and telephone number;

(4) Title, occupation and employer.

(k) Any requests for oral communication shall include identification fully as to:

    (1) the name and the person making the communication and the names of the persons present while the communication was made;

    (2) the date and the place of the communication; and

    (3) the subject matter of the communication.

**NOTE:** **PLEASE READ ALL DEFINITIONS AND INSTRUCTIONS PRIOR TO ANSWERING.**

**II. INTERROGATORIES.**

 1. State fully the name, business address, home address, telephone number, and the position of the person answering these interrogatories.

 2. List the name, home address, business address, business phone number, and home phone number of every person that you are aware of that has knowledge of the allegations contained in Plaintiff's Complaint and/or Defendant's Counterclaim, and state the substance of their knowledge.

 3. Identify any expert witness you intend to call at trial, state the subject matter on which the expert is expected to testify, state the substance of their findings and the opinions to which the expert is expected to testify and a summary of grounds for each opinion, provide a copy of their curriculum vitae, identify the compensation the expert will receive for their opinion or testimony, and provide a copy of any written report made by the expert concerning their findings and opinions.

4. If you intend to rely on any documents or other tangible things to support a position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents or tangible things, and identify all persons having possession, custody, or control of them.

5. If you or any of your representatives are aware of any conversations or statements made or given by any party or agent of any party to this lawsuit or any witness which relates, directly or indirectly, to any claim and/or defense involved herein, state the name and address of each and every person involved, directly or indirectly, in the conversation or statement; the date each conversation or statement took place; the name, business and home address, and business and home telephone number of the individual or entity engaging in or making such conversation or statement and the substance of each conversation or statement; if any portion of each conversation or statement identified is in writing or recorded on audio tape or by any other means, describe the writing/recording in detail, and identify the present custodian of the original writing/recording.

6. State with specificity any and all defenses and set-offs you plan to raise against LGS' Complaint, state the factual basis for each and list any person who has knowledge of these

facts.

7. List the date and amounts of all payments that Odyssey made to LGS on the Project.

8. State with specificity the reasons Odyssey failed to pay funds due and owing to LGS for its work on the Project pursuant to the terms of the subcontract.

9. Identify all parties that Odyssey allegedly made payments to for LGS' subcontract work, the date of the payment, the amount of the payment, the basis for the payment.

10. Please identify the legal and factual basis for issuing checks to other parties besides LGS for LGS' subcontract work, and include in your response the subcontract provision which authorizes such payments.

11. Please provide the names of any individuals and/or entity that Odyssey hired to perform the work it had originally hired LGS to perform on the Project, and include in your response, the work performed and the amount and date Odyssey paid the individual or entity.

12. Identify LGS' scheduled and actual start and end dates on the Project and identify any documents used to identify such dates.

13. Identify Odyssey's actual start and end dates on the Project and identify any documents used to identify such dates.

14. If you contend that LGS did not abide by the terms of any agreement between the parties, please state what provisions of the agreement LGS did not comply with and state the factual basis for your position.

15. Please list any and all notices of delay that Odyssey received from the United States Government, the reason for the notice, when it was received, the amount of any liquidated damages assessed by the government, and whether Odyssey has contested the assessment of the liquidated damages.

16. Please identify any and all change orders that Odyssey issued to LGS on the Project, and include in your response, the date of the change order, the amount of the change order, whether the change order was paid, the date it was paid, to whom it was paid, and the reason for the change.

17. Please identify any and all back charges or deductive changes that Odyssey issued to LGS on the Project, and include in your response, the date of the back charge, the amount of the back charge, when the back charge was communicated to LGS, the date and manner it was communicated to LGS, and the reason for the back charge.

18. Identify with particularity each instance that Odyssey requested LGS to provide submittals and include in your response, the date of the request, the medium of the request, who

communicated the request, and to whom the request was communicated.

19. Identify the exact nature of all delays caused by LGS, and the monetary and time impact of such delays.

20. Identify any notices that Odyssey provided LGS regarding LGS' delays, lack of performance, or damages and include in your response, the date of the notice, the medium of the notice, who communicated the notice, and to whom the notice was communicated and the substance of the notice.

21. List all costs and other damages that Odyssey has incurred due to the fault of LGS, and the reasons for such costs and damages. Identify any documentation that supports your response.

22. State with specificity the provision of the subcontract which requires LGS to provide a third-party inspector to inspect the EIFS work.

23. State with specificity the provision of the subcontract which requires LGS to provide attic installation to the Project.

24. Identify which materials failed to provide to the site and the damages incurred by Odyssey due to LGS' failure to properly or adequately provide such materials.

25. Identify with specificity how Odyssey calculated its claims for damages in the amount of $160,000.00 in its Counterclaim.

26. Identify all parties to whom Odyssey made payments to for EIFS labor or materials and include in your response the date and the amount of the payment.

27. Please state the factual and legal basis for Odyssey's affirmative defense that LGS's "claims for damages, if any, is barred by the fact that Defendants have paid to, or on behalf of Plaintiff the full amount of the Subcontract Agreement."

28. State the total amount billed by Odyssey on the Project and the total amount paid to Odyssey on the Project.

29. Has Odyssey been paid all amounts by the United States Government due Odyssey on the Project, and if not, state the reason the government has not paid any amount.

Respectfully submitted,

WILLIAM W. ERHART, P.A.

/S/WILLIAM W. ERHART
William W. Erhart (ID # 2116)
800 King Street
Suite 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331(fax)

Shawn C. Whittaker, Esquire
1010 Rockville Pike, Suite 607
Rockville, MD 20852
(301)838-4502
Attorneys for LGS Group, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>LGS GROUP, LLC<br><br>      Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ODYSSEY INTERNATIONAL, INC., et al.<br><br>      Defendant/Counter-<br>      Plaintiff(s). | Case No. 08-017 SLR-LPS |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 12 day of May, 2008, a copy of the Answer to the First Set of Interrogatories was served, via first class mail, postage pre-paid on Defendants Odyssey International, Inc. and Safeco Insurance Company of America C/O James F. Kipp, Esq., Fox Run Business Park, 2500 Wrangle Hill Road, Suite 210, Bear, DE 19701.

                                      WILLIAM W. ERHART, P.A.

                                      */S/WILLIAM W. ERHART*
                                      William W. Erhart (ID # 2116)
                                      800 King Street
                                      Suite 302
                                      Wilmington, DE 19801
                                      (302) 651-0113
                                      (302) 651-0331(fax)