IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>LGS GROUP, LLC<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ODYSSEY INTERNATIONAL, INC., et al.<br><br>    Defendant/Counter-<br>    Plaintiff(s). | Case No. 08-017 SLR-LPS |

**FIRST REQUEST FOR DOCUMENT PRODUCTION TO DEFENDANTS ODYSSEY INTERNATIONAL, INC. and SAFCO INSURANCE COMPANY OF AMERICA**

Plaintiff LGS Group, LLC (hereinafter "LGS"), pursuant to Fed. R. Civ. P. 34, and requests you to produce for copying and inspection the following documents within thirty (30) days from the date of service to William W. Earhart, Esq., 800 King St., Ste. 302, Wilmington, DE 19801.

**I.   DEFINITIONS**

A.  "Document(s)" means all tangible sources of information, including, but not limited to:

(1) the original and any non-identical copy (whether different from the original because of handwritten notes or underlining made thereon, attachments affixed thereto, or otherwise) or drafts thereof, of any handwritten, typewritten,

printed, recorded, electronic, or graphic matter, however produced or reproduced including, but not limited to, letters, reports, agreements, communications (including intra-company communications), correspondence, telegrams, memoranda, summaries or records of personal conversations, formal or informal notes, journals, diaries, calendars, forecasts, photographs, tape recordings, models, statistical statements, graphs, laboratory and engineering reports and notebooks, charts, plans, drawings, minutes or records of conferences, expressions or statements of policy, lists of Persons attending meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, invoices, receipts, testimony, abstracts, studies, surveys, tables, forms, work papers, logs or indices, electronic mails; and

    (2) any mechanical, magnetic, electronic or other recordings of any voice, sound, light, image, or data including, but not limited to, computer diskettes, hard-drives, magnetic tapes, photographs, microfilms and any other data compilation in the possession, custody or control of Defendant wherever located.

B. The words "you" or "your" refer to the party to whom these Interrogatories are addressed.

C. "Plaintiff," "LGS," or "LGS Group" means Plaintiff LGS Group, LLC and any other name used by the Plaintiff or by which Plaintiff is or was referred to, its officers, employees, family members, agents, servants, administrators, accountants, or investigators, or other Persons acting on Plaintiff's behalf, including attorneys.

D. "Defendant" or "Odyssey" means Defendant Odyssey International, Inc. and any other name used by the Defendant or by which Defendant is or was referred to, its officers, employees, members, directors, stockholders, agents, servants, administrators, accountants, or investigators, or other Persons acting on Defendant's behalf, including attorneys.

E. "Safeco" means Defendant Safeco Insurance Company of America and any other name used by the Defendant or by which Defendant is or was referred to, its officers, employees, members, directors, stockholders, agents, servants, administrators, accountants, or investigators, or other Persons acting on Defendant's behalf, including attorneys.

F. "Project" means the C-17 Flight Simulator located at Dover Air Force Base, Dover Delaware, which is the subject of the Complaint and Counterclaim.

G. "Person" means any individual or entity, including but not limited to, partnerships, corporations or any other form of business or any other legal, government or business entity.

H. "Communication(s)" means any exchange or transmission of words or ideas to another Person or entity, including without limitation conversations, discussions, letters, memoranda, meetings, electronic mail, notes, speeches, or other transfer of information, whether written, oral, or by any other means, whether in-person, direct or indirect, formal or informal, and includes any Document which abstracts, digests, transcribes or records any such Communication.

I. "Event(s)," unless otherwise specified, refers to the events described, allegations made and claims presented in the Complaint.

J. "Interrogatory" refers to any interrogatory contained in First Set of Interrogatories to Defendant Tesoro Corp.

K. Use of the singular shall be deemed to include the plural and use of the masculine shall be deemed to include the feminine, as appropriate, and vice versa.

L. "And" and "or" means "and/or".

M. "Counsel," as used in these requests excludes present litigation counsel but includes any other attorney, including in-house counsel.

**II.   INSTRUCTIONS**

A.   The response to each request for production shall include such items of the answering party as is within its custody, possession or control or that of associated, commonly controlled, or related organizations including but not limited to:  predecessors in interest, consultants, accountants, attorneys, bankers, investigators and other agents.

B.   The response should state for each request that inspection and related activities shall be permitted as requested, unless the request is refused, in which case the reasons for the refusal shall be stated.

C.   You are required to produce Documents for inspection as they are kept in the usual course of business, or organize and label them to correspond with each specific request.

D.   These requests are continuing and, in the event that additional Documents become known to you after the filing of your initial responses, you are required to supplement your responses by producing such newly discovered or created Documents to us when come into your possession, custody or control.

F.   If you contend that a Document which is responsive to any request is privileged, in whole or in part, or otherwise object to any part of any document request, you must, in writing and under oath:

(1)   state in detail the factual and legal grounds for such objection or grounds for exclusion,

        (2) identify each Person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted, and,

        (3) for each Document state the: (a) author, (b) title, (c) date, (d) address(es) and/or recipient(s), (e) type of Document, and (f) the subject matter.

## III. DOCUMENT REQUESTS

1. Produce any and all documents used by you when answering Defendants' Interrogatories or referenced in your answers to Interrogatories.

2. Provide a copy of all reports authored by any experts you intend to call at trial, and all documents consulted or relied upon by such expert.

3. Produce copies of all documentation that relate to the information requested in Plaintiff's Interrogatories directed to Defendants, regardless of whether or not you relied upon the documents when responding to the Interrogatories.

4. Produce a copy of any and all documents used by you in determining the damages requested in Odyssey's Counterclaim.

5. Produce a copy of all correspondence between Odyssey and Defendants.

6. Produce copies of all evidence of payments made by Odyssey to LGS.

7. Produce any and all contracts and agreements between

Odyssey and LGS.

8. Produce a copy of all notices and/or notices of delay received by the Odyssey from the United States Government with regard to the Project.

9. Produce a copy of all notices and/or notices of delay provided by Odyssey to LGS.

10. Produce a copy of all notices and/or notices of delay provided by Odyssey to any party on the Project.

11. Produce a copy of any documentation referencing in any way liquidated damages or delay.

12. Produce a copy of all documents and orders for materials that relate to LGS' scope of work.

13. Produce any and all purchase orders, change orders, and invoices between Odyssey and LGS on the Project.

14. Produce a copy of all requests for information.

15. Produce any and all contracts between Odyssey and any third parties that Odyssey hired to perform the work it originally hired LGS to perform on the Project.

16. Produce any writing or audio tape recording detailing conversations or statements made or given by any party or agent of any party to this lawsuit or any witness which relate, directly or indirectly, to any claim and/or defense involved herein.

17. Produce a copy of all documentation that shows the

date, the type, and the amount of materials provided by LGS to Odyssey on the Project.

18.  Produce a copy of all documentation you intend to introduce at trial.

19.  Produce a copy of any payments Odyssey made to any third party for LGS' scope of work.

20.  Produce a copy of all engineering reports.

21.  Produce a copy of all correspondence and communication between you and the United States Government regarding the Project.

22.  Produce copies of any documentation which evidences any corrective work or remedial work on the Project, including documents which evidence the costs of any corrective work or remedial work, certified payrolls, materials invoices, payroll stubs, equipment invoices, and backcharges.

23.  Produce a copy of all litigation on the Project.

24.  Produce a copy of all project schedules and updates.

25.  Produce a copy of any and all documents relating in any way to liquidated damages.

26.  Produce a copy of any and all documents relating in any way to delays.

27.  Produce a copy of all change order logs.

28.  Produce a copy of all change orders relating in any way to LGS' scope of work on the Project.

29. Produce a copy of Odyssey's payment applications on the Project.

30. Produce a copy of all certified payrolls on the Project.

31. Produce a copy of all claims on the project.

32. Produce a copy of Odyssey's contracts with United States Government.

33. Produce a copy of any claims, whether for time or money, that Odyssey has made against the United States.

34. Produce a copy of all payments Odyssey received on the Project.

35. Produce any and all payment applications and certified payrolls received by Odyssey from the laborers or entities that Odyssey hired to complete the work it originally hired LGS to perform.

36. Produce a copy of any and all documentation not otherwise produced which in any way relates to the claims and allegations made in the Complaint and Counter-claim.

Respectfully submitted,

WILLIAM W. ERHART, P.A.

*/s/William W. Erhart*
William W. Erhart (ID # 2116)
800 King Street, Suite 302
Wilmington, DE 19801
(302) 651-0113
(302) 651-0331 (Fax)

Shawn C. Whittaker, Esquire
1010 Rockville Pike, Suite 607
Rockville, MD 20852
(301)838-4502
Attorneys for LGS Group, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>for the use and benefit of<br>LGS GROUP, LLC<br><br>    Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ODYSSEY INTERNATIONAL, INC., et al.<br><br>    Defendant/Counter-<br>    Plaintiff(s). | Case No. 08-017 SLR-LPS |

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 12 day of May, 2008, a copy of the Answer to the First Request for Production was served, via first class mail, postage pre-paid on Defendants Odyssey International, Inc. and Safeco Insurance Company of America C/O James F. Kipp, Esq., Fox Run Business Park, 2500 Wrangle Hill Road, Suite 210, Bear, DE 19701.

                                        WILLIAM W. ERHART, P.A.

                                        */S/WILLIAM W. ERHART*
                                        William W. Erhart (ID # 2116)
                                        800 King Street
                                        Suite 302
                                        Wilmington, DE 19801
                                        (302) 651-0113
                                        (302) 651-0331(fax)